NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>GAURAVJIT SINGH,<br><br>                    Defendant. | Crim. No. 21-00744 (GC)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Defendant Gauravjit Singh's Motion for Early Termination of Supervised Release. (ECF No. 41.) The Government opposed, and Mr. Singh replied. (ECF Nos. 44, 45.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Mr. Singh's Motion is **DENIED**.

**I.    BACKGROUND**

On September 22, 2021, Mr. Singh pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 33 at 1.[1]) The charges against Mr. Singh stemmed from a scheme to induce individuals to buy personal protective equipment (PPE) during the Covid-19 pandemic, despite having no intention of actually selling them the PPE. (ECF No. 44 at 4.) The Honorable Peter G. Sheridan, U.S.D.J. (ret.) sentenced Mr. Singh to a term of imprisonment of 46 months, to

---

[1]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

be followed by three years of supervised release.  (ECF No. 33 at 2-3.)  Judge Sheridan also imposed various conditions of supervised release, including requiring Mr. Singh to obtain pre-approval from the Court or his probation officer before leaving the district in which he resides, financial disclosures, new debt restrictions, and self-employment disclosures.  (*Id.*)  Judge Sheridan ordered Mr. Singh to pay forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) in the amount of $936,160.78, and further ordered Mr. Singh to pay restitution to his victims in the amount of $936,160.78.  (ECF No. 19 at 3; ECF No. 33 at 8.)

Mr. Singh was released from prison and began serving his term of supervised release on April 8, 2024.  (ECF No. 44.)  Mr. Singh filed this Motion just over one year later.  (*Id.*)[2]

## II.     LEGAL STANDARD

Courts enjoy broad discretion in deciding whether to grant early termination of supervised release.  *See United States v. Melvin,* 978 F.3d 49, 52 (3d Cir. 2020).  Under 18 U.S.C. § 3585(e)(1), a court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and [in] the interest of justice."  In determining whether the defendant's conduct and the interest of justice warrant the relief sought, courts must consider the following sentencing factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics;
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[2]     This matter was reassigned to the Undersigned on January 23, 2025.  (ECF No. 37.)

(3) the kinds of sentence and sentencing range established for the defendant's crimes;

(4) pertinent policy statements issued by the United States Sentencing Commission;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.2d at 52 (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)).

District courts need not "make specific findings of fact with respect to each of the factors," nor must they find that extraordinary or changed circumstances exist to grant a defendant's request for early termination of supervised release. *Id.* at 52-53. However, early termination of supervised release will generally "be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it" because § 3553(a) requires that sentences be "sufficient, but not greater than necessary when first pronounced." *Id.* at 53 (internal citations and quotation marks omitted); *see also United States v. Szymanski*, Cr. No. 12-247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release[.]").

### III.  DISCUSSION

Mr. Singh argues that his supervised release should be terminated early for the following reasons: (1) he has thus far satisfied every condition of his supervised release; (2) his father's stroke constitutes a new and unforeseen circumstance; (3) his actions leading to his conviction were an "aberration"; (4) he has already paid over $1.2 million in restitution and has obtained a $507,000 judgment that will be applied towards his outstanding fees; (5) he can "pursue additional income opportunities to accelerate repayment" if he is granted early termination; (6) his probation officer recommended that he apply for early termination; and (7) "the goals of supervised released-

3

—deterrence, rehabilitation, protection of the public, and reintegration—have been fully achieved." (ECF No. 41.)

Although the Government "appreciates Singh's apparent compliance" with the conditions of his supervised release, it opposes early termination. (*See* ECF No. 44.) The Government contends that: (1) "simply complying with the terms of a sentence does not merit a reduction of that sentence"; (2) Mr. Singh's crimes, especially against the backdrop of the Covid-19 pandemic, were "egregious," and he lacked remorse because he allegedly participated in additional fraud unrelated to his PPE crimes while awaiting sentencing; (3) the special conditions imposed "intended to monitor the specific conduct Singh now wishes to pursue—unfettered entrepreneurial business activities"; (4) there are no extraordinary circumstances that warrant release; (5) Mr. Singh still owes the entire forfeiture amount and essentially the entire restitution amount; and (6) Mr. Singh's probation officer takes no position on his application and did not encourage him to file this motion. (ECF No. 44.) Mr. Singh replied arguing that the Government ignored his father's stroke and the money he already paid in restitution. (ECF No. 45.)

The Court has considered the § 3553(a) factors and finds that early termination of supervised release is neither warranted nor in the interest of justice. While the Court commends Mr. Singh's compliance with the conditions of his supervised release, compliance is exactly what is expected of him. Courts have routinely found that compliance with the terms of supervised release is not enough to succeed on a motion for early termination of supervised release. *See United States v. Desu*, Cr. No. 18-613, 2024 WL 3878748, at *3 (D.N.J. Aug. 20, 2024) ("[C]ompliance with the terms of supervised release is what is expected of probationers, and without more, cannot justify early termination." (citing *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003))); *United States v. Amato*, Cr. No. 18-561, 2024 WL 3850384, at *3 (D.N.J.

4

Aug. 16, 2024) (same); *United States v. Rosendary*, Cr. No. 22-00742, 2024 WL 619574, at *3 (D.N.J. Feb. 14, 2024) ("[The defendant's] compliance with the terms of supervision is expected and not enough to justify early termination."); *United States v. Jaime*, Cr. No. 05-34, 2013 WL 4434909, at *1 (W.D. Pa. Aug. 16, 2013) ("[I]t is axiomatic that 'full compliance with all of the conditions of supervised release does not warrant early termination.'") (citation omitted).  Early termination based on compliance is particularly inappropriate here, as Mr. Singh has served just over one third of his term of supervised release.  *See United States v. Santiago*, Cr. No. 12-566, 2024 WL 2092035, at *6 (E.D.P.A. May 9, 2024) ("[G]iven that [the defendant] is seeking to terminate supervised release after only reaching the halfway point of his supervision, the Court does not find that his commendable conduct warrants early termination of his supervision."). Accordingly, the Court finds that Mr. Singh's compliance with the terms of his supervised release is insufficient to justify early termination.

Likewise, the Court finds that Mr. Singh's payment of a portion of the restitution amount does not warrant early termination.  While the Court appreciates Mr. Singh's continued efforts toward making his victims whole, payment of restitution and forfeiture are expected of Mr. Singh. Further, at the time of bringing his Motion, Mr. Singh still owed $934,824.43 in restitution to his victims and $936,160.78 in forfeiture to the United States, (ECF No. 44 at 1), which weighs against granting early termination.[3]  *See United States v. Stiso*, Cr. No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021)  ("[T]he [c]ourt finds that serving the remainder of [the defendant's] supervised release term is necessary to ensure [the d]efendant continues to make payments toward

---

[3]    Mr. Singh disputes this is the actual amount due, as he claims he has obtained a judgment of $507,000 against another "bad actor involved in this case" that "is being applied to his restitution balance."  (ECF No. 45 at 1.)  But even accepting that as true, Mr. Singh would still owe over $1.3 million.

5

the nearly $400,000 restitution balance outstanding."); *United States v. Boyle*, Cr. No. 15-271, 2023 WL 2601176, at *2 (E.D. Pa. Mar. 22, 2023) (denying early termination of supervised release due in part to the defendant's outstanding restitution balance).[4]

Further, Mr. Singh contends that his father's stroke is a new and unforeseen circumstance that should justify early termination.  Mr. Singh submits that due to his father's stroke, his father can no longer run the "family-owned travel business" and that his "family—including [his] mother, and sister—now depends entirely" on the business.  (ECF No. 41 at 2.)  The terms of Mr. Singh's supervised release require Court approval for travel, and Mr. Singh asserts that he cannot effectively manage the company without the ability to "travel internationally on short notice."  (*Id.*)  While the Court is sympathetic to Mr. Singh's situation, this unfortunate development does not warrant early termination of Mr. Singh's supervised release.  Mr. Singh provides no details about his family's travel business, nor does he explain why international travel on such short notice is required.  Moreover, Mr. Singh does not explain why his mother or sister cannot travel internationally to support the business.

In any event, it is clear that Mr. Singh's travel restrictions do not hinder his ability to maintain employment, as he is currently employed full-time as an acquisitions manager.  (ECF No. 41 at 1.)  *See United States v. Wood*, Cr. No. 16-271, 2022 WL 2916069, at *2 (D.N.J. July 25, 2022) (denying early termination where the pilot-defendant sought early termination to pursue a position with a higher income that required international travel, reasoning that "[the defendant's] current employer has not presented [the inability to travel internationally] as being an issue").  Mr.

---

[4]  In support of his Motion, Mr. Singh cites to "*United States v. Harris*, No. 04-CR-44, 2020 WL 2615760 (D.N.J. May 22, 2020)."  Mr. Singh claims that the court there "granted early termination even where restitution remained outstanding, finding that rehabilitation and good-faith efforts toward repayment were sufficient."  (ECF No. 41 at 2.)  The Court has been unable to locate this case.

Singh does not just seek the ability to travel; he requests the unrestricted ability to conduct business through the means of international travel. But this is precisely what the Court sought to prevent when imposing these restrictions. At bottom, Mr. Singh's desire to travel internationally "on short notice" does not justify early termination. *See United States v. Cronin*, Cr. No. 20-00370, 2024 WL 2817558, at *2 (E.D. Pa. June 3, 2024) ("[E]ven if the travel-related restrictions were burdensome, the remedy would . . . not [be] a termination of supervision in its entirety."); *United States v. DePaula*, Cr. No. 16-0474, 2025 WL 1296234, at *2 (D.N.J. May 5, 2025) (denying the defendant's motion for early termination of supervised release where the defendant sought termination to travel internationally to care for his brother who had suffered a stroke).

Accordingly, in light of the Court's consideration of the § 3553(a) factors, the Court declines to exercise its discretion to terminate Mr. Singh's supervised release. *See Melvin*, 978 F.3d at 53. The Court is satisfied that Mr. Singh's sentence is "sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a)." *United States v. Ferriero*, Cr. No. 13-0592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020).

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Mr. Singh's Motion for Early Termination of Supervised Release (ECF No. 41) is **DENIED**. An appropriate Order follows.

Dated: June 24, 2025

                                                                                       GEORGETTE CASTNER
                                                                                       UNITED STATES DISTRICT JUDGE